JOSEPH M. FRENCH v. THE CANADA SOUTHERN RAILWAY
COMPANY.

*Stipulation disregarded as against legal rights of one who was not
a party to it.*

Suit was brought against joint parties, but summons was served
on only one, who stipulated for taking a deposition. The other
afterwards appeared, and on the trial the deposition was ruled
out on his objection that it was taken without his consent and
without notice to him. *Held* that the defendant who stipulated
could not bring error, on this ruling.

Error to Wayne. Submitted Oct. 24. Decided Oct. 28.

ASSUMPSIT. Defendant brings error.

*W. B. Jackson* for plaintiff in error.

*Frank H. Culver* for defendant in error.

COOLEY, J. The railway company in August, 1876,
brought suit against Joseph M. French and Lewis B.
Lent in justice's court, on a liability asserted against the
two jointly. The summons was served on French only.
The case was adjourned from time to time, until Sep-
tember 15, 1876, when Lent also appeared by attorney,
and all parties without objection proceeded to trial on
the merits.

On the trial, after the plaintiff had rested his case,
the defendant French offered in evidence a deposition
taken under a stipulation between himself and the plain-
tiff before Lent had appeared in the cause. The defend-
ant Lent objected to its reception on the ground that it
was taken without his consent, and without notice to
him. On this objection the deposition was ruled out.
The plaintiff had judgment in the cause, which the
defendant French removed to the circuit court on cer-
tiorari, where it was affirmed. It is now here on writ
of error, and the sole error assigned is the rejection of
this deposition.

From the foregoing it will be seen that the error, if any, was not committed on the motion or in the interest of the plaintiff. The plaintiff stipulated that the deposition might be taken, and made no objection to its being read. The plaintiff is therefore in no fault whatever. But if the deposition was not admissible under the objection of defendant Lent, we are unable to perceive that French is in position to complain of any one. The plaintiff kept faith under the stipulation, Lent only asserted his legal rights, and the justice only accorded them. The fault, if any, must therefore lie with French himself, who should have been prepared for objections from Lent, if in fact Lent and himself did not harmonize in their defense.

The judgment must be affirmed, with costs.

The other Justices, concurred.